FENNEMORE CRAIG, P.C.
Shannon S. Pierce, NV Bar No. 12471
Wade Beavers, NV Bar No. 13451
7800 Rancharrah Parkway
Reno, Nevada 89511
Telephone: (775) 788-2200
Facsimile: (775) 786-5000
Email: spierce@fennmorelaw.com;
wbeavers@fennemorelaw.com
*Attorneys for Valley Electric Association, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANGELA EVANS. an individual,<br><br>Plaintiff,<br><br>vs.<br><br>VALLEY ELECTRIC ASSOCIATION, INC.; DOES I through X; and ROE Corporations XI through XX, inclusive,<br><br>Defendants. | Case No. 2:20-cv-00986-RFB-VCF |
| ANGELA EVANS,<br><br>Plaintiff,<br><br>vs.<br><br>NYE COUNTY SHERIFF'S OFFICE, a political subdivision of the State of Nevada; DAVID BORUCHOWITZ, individually,<br><br>Defendants. | Case No. :2:20-cv-01919-RFB-VCF<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

ANGELA EVANS ("Evans"), VALLEY ELECTRIC ASSOCIATION, INC. ("Valley Electric"); NYE COUNTY SHERIFF'S OFFICE ("NCSO"), and DAVID BORUCHOWITZ (collectively, the "Parties," and each a "Party"), by and through their respective counsel, submit the following proposed stipulated protective order (the "Stipulated Protective Order") pursuant to Federal Rule of Civil Procedure 26(c)(1), for entry in the cases of *Angela Evans v. Valley Electric Association, Inc.*, Case No. 2:20-CV-00986-RFB-VCF ("00986 Case"), and *Angela Evans v. Nye*

17717550.2/032605.0009

*County Sheriff's Office, et al.*, Case No. 2:20-CV-01919-RFB-VCF ("01919 Case," and together with the 00986 Cases, the "Actions"), which have been coordinated for discovery pursuant to the order of the Magistrate Judge. *See* ECF No. 38 in 00986 Case.

### I.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from disclosure may be warranted under Federal Rule of Civil Procedure 26(c)(1). To promote the exchange of discovery in further litigation of the Actions, the Parties now request that the following proposed Stipulated Protective Order be approved by this Court before certain information and documents are produced. The Parties acknowledge that the proposed Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends to only the limited information or items that are entitled under law to treatment as confidential.

### II.    STIPULATION

#### 1. Scope

All documents produced in the course of discovery, all responses to discovery requests, and all deposition testimony and exhibits and any other materials which may be subject to discovery (hereinafter collectively "Discovery Material") may, as set forth below, be subject to this stipulated protective order concerning confidential information as set forth below. Any party, or any third party who produces documents in this litigation, may designate documents as "Confidential" or "Highly Confidential," but only after review of the documents by an attorney who has, in good faith, determined that the documents contain "Confidential Information," as defined below, and pursuant to the procedure set forth below.

#### 2. Definition of Confidential Information

As used herein:

a.    "Confidential Information" shall mean all information (regardless of how generated, stored, or maintained), material, tangible things, or testimony that qualify for protection under standards developed under the Federal Rules of Civil Procedure, produced by or

2

17717550.2/032605.0009

disclosed to a Received party by a Producing party that the Producing party or a Designating party reasonably and in good faith considers to be confidential or proprietary information or trade secrets of the Producing party and which has been so designated by the Producing party or Designating party. Such information, material, tangible things, or testimony may include, but is not limited to, trade secrets, proprietary business information, competitively sensitive information, technical information, customer information, confidential information relating to employees, vendor information, financial information, sales data, business plans and strategies, agreements and communications, or other information the disclosure of which the Producing party or the Designating party reasonably and in good faith considers to be confidential or proprietary information or trade secrets of the Producing party or the disclosure of which would otherwise be detrimental to the conduct of the Producing party's business or the business of any of the Producing party's customers or clients.

Extracts and summaries of Confidential Information shall also be treated as confidential.

The following are examples of information that is <u>not</u> Confidential Information:

i. published advertising materials;

ii. any information that is, or, after its disclosure to a Receiving party, becomes part of the public domain as a result of publication not involving a violation of this Stipulated Protective Order;

iii. information that the Receiving party can show by written records was already known to it prior to the disclosure, provided that it was either (i) received from the Producing party and was not received under an express or implied obligation of confidentiality to the Producing party, or (ii) received from a source who obtained the information lawfully and under no express or implied obligation of confidentiality to the Producing party;

iv. any information that the Receiving party can show by written records was received by it after the disclosure from a source who obtained the information lawfully and under no express or implied obligation of confidentiality to the Producing party; and

v. any information that the Receiving party can show was independently

17717550.2/032605.0009

1   developed by it after the time of disclosure by personnel who did not have access to the Producing
2   party's Confidential Information.

3        b.    "Attorney Eyes Only Information" shall mean all Confidential Information that,
4   consistent with the terms and conditions below, the Producing party or Designating party
5   reasonably and in good faith considers to be so sensitive that its dissemination deserves further
6   limitation by preventing the disclosure thereof to the Receiving party. As such, Attorney Eyes
7   Only Information shall only be disclosed to the Receiving party's counsel and persons identified
8   in Paragraph II(4)(b) herein below, but shall not be disclosed to the Receiving party. Attorney
9   Eyes Only Information is a subset of Confidential Information, and shall be treated as
10  Confidential Information, except as specifically stated otherwise hereinbelow. The Attorney Eyes
11  Only Information designation shall apply only as to documents and information disclosed to
12  Defendants Nye County Sheriff's Office and Defendant Boruchowitz. Documents and
13  information shall not be designated Attorney Eyes Only Information as to any other party in this
14  action. For the avoidance of doubt, if a document is designated as Attorney Eyes Only
15  Information as to Defendant Nye County Sheriff's Office and Defendant Boruchowitz, the
16  disclosing party may designate the same document as Confidential Information as to all other
17  parties.

18       c.    "Producing party" shall mean any Party to this action or any non-party to this
19  action producing Confidential Information in connection with depositions, document production
20  or otherwise, or the party asserting the confidentiality privilege, as the case may be.

21       d.    "Receiving party" shall mean any Party to this action or any non-party to this
22  action receiving Confidential Information in connection with depositions, document production or
23  otherwise in this action.

24       e.    "Designating party" shall mean any party to either of the Actions or any
25  Producing party that designated the Confidential Information as "confidential" by notation on the
26  document, statement on the record of the deposition, written advice to the respective undersigned
27  counsel for the Parties hereto if the Confidential Information is not reduced to documentary,
28

4

17717550.2/032605.0009

1  tangible, or physical form, if the Confidential Information cannot conveniently be so designated,
2  or consistent with the terms of this Stipulated Protective Order, or by other appropriate means.

### 3. Right to Designate Information as Confidential

Subject to the terms of paragraphs II(4) and II(8), any party to either of the Actions or a Producing party may act as a Designating party and designate information, material, tangible things, or testimony produced or given by a Producing party in connection with this action that said Designating party reasonably and in good faith considers to be Confidential Information by notation on the document, statement on the record of the deposition with subsequent notation by the Producing party or Designating party on the cover page of the deposition transcript if not already present on the cover page of the transcript when received from the court reporter, written advice to the respective undersigned counsel for the Parties hereto if the Confidential Information is not reduced to documentary, tangible, or physical form, if the Confidential Information cannot conveniently be so designated, or consistent with the terms of this Stipulated Protective Order, or by other appropriate means.

Subject to the terms of Paragraph II(4), Confidential Information that a Producing party or Designating party reasonably and in good faith considers to be Attorney Eyes Only Information shall be designated accordingly by notation on the document, statement on the record of the deposition with subsequent notation by the Producing party or Designating party on the cover page of the deposition transcript if not already present on the cover page of the transcript when received from the court reporter, written advice to the respective undersigned counsel for the Parties hereto if the Confidential Information is not reduced to documentary, tangible, or physical form, if the Confidential Information cannot conveniently be so designated, or consistent with the terms of this Stipulated Protective Order, or by other appropriate means

### 4. Treatment of Confidential Information

Except with the prior written consent of the Designating party or by order of the Court, Confidential Information shall be furnished, disclosed, or shown to any person or entity except to:

    a.    A Party, or officers, directors, employees, and agents of a Party actually engaged in

1  assisting in the preparation of this action for trial or other proceeding herein and who have been
2  advised of their obligations hereunder, except that Attorney Eyes Only Information shall not be
3  disclosed to any Party, or employees or personnel of any Party;

4        b.    Counsel for the Parties to this action and their associated attorneys, paralegals and
5  other professional personnel (including support staff) who are directly assisting such counsel in the
6  preparation of this action for trial or other proceeding herein, are under the supervision or control of
7  such counsel, and who have been advised by such counsel of their obligations hereunder;

8        c.    Expert witnesses or consultants retained by the Parties or their counsel to furnish
9  technical or expert services in connection with this action or to give testimony with respect to the
10 subject matter of this action at the trial of this action or other proceeding herein; provided, however,
11 that such Confidential Information is furnished, shown or disclosed in accordance with Paragraph
12 II(6) hereof;

13       d.    The Court and court personnel, if filed in accordance with Paragraph II(11) hereof;

14       e.    Any independent litigation support services, including persons working for or as
15 court reporters, video deposition services, graphics or design services, jury or trial consulting
16 services, and photocopy, document, imaging, and database services retained by the Parties in the
17 Actions, if furnished, shown or disclosed in accordance with Paragraph II(7) hereof;

18       f.    Trial and deposition witnesses, if furnished, shown, or disclosed in accordance with
19 Paragraphs II(6), II(7), and II(9), respectively, hereof; and

20       g.    Any other person agreed upon by the Parties.

21     Confidential Information shall be utilized by the Receiving party and its counsel only for
22 purposes of preparing for, conducting, participating in the conduct of, prosecuting, or defending the
23 above-captioned action and not for any other purposes.

24     If a Producing party or Designating party determines that information should have been
25 designated as Confidential Information but was not, it shall notify the Receiving party in writing as
26 soon as practicable following such determination.  The Receiving party shall then make a
27 reasonably diligent effort to retrieve the Confidential Information and otherwise ensure that persons
28

6

17717550.2/032605.0009

to whom the Confidential Information was disclosed will treat it as confidential.

Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

**5. Disclosure of Confidential Information to Expert Witnesses and Consultants**

Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to Paragraph II(4)(c) hereof, counsel for the party disclosing the Confidential Information shall provide a copy of this Stipulated Protective Order and a copy of the Acknowledgement and Agreement to be Bound by Stipulated Protective Order attached hereto as Exhibit A (the "Acknowledgement") to the aforementioned expert witness or consultant. Said expert witness or consultant shall execute the Acknowledgment before any Confidential Information is disclosed. Counsel for the party disclosing the Confidential Information shall supply a copy of the Acknowledgement executed by the expert witness or consultant to counsel for the other party at the time of the Disclosure of the Confidential Information.

**6. Depositions**

A Designating party shall reasonably and in good faith designate any testimony contained in the deposition it considers to be Confidential Information or Attorney Eyes Only Information, if applicable.

This Stipulated Protective Order shall not preclude counsel for the Parties from using during any deposition in this action any information, material, tangible things, or testimony that has been designated as Confidential Information under the terms hereof.

**7. Confidential Information Provided by Non-Parties**

A Party to either of the Actions or Producing party may act as a Designating party and designate as Confidential Information subject to this Stipulated Protective Order any information, material, tangible things, or testimony produced or given by any non-party to this action, or any portion thereof, that the Designating party reasonably and in good faith considers to be Confidential Information by notation on the document, statement on the record of the deposition with subsequent

17717550.2/032605.0009

1  notation by the Producing party or Designating party on the cover page of the deposition transcript
2  if not already present on the cover page of the transcript when received from the court reporter,
3  written advice to the respective undersigned counsel for the Parties hereto if the Confidential
4  Information is not reduced to documentary, tangible, or physical form, if the Confidential
5  Information cannot conveniently be so designated, or consistent with the terms of this Stipulated
6  Protective Order, or by other appropriate means.

7  In the case of Confidential Information or Attorneys' Eyes Only Information not already so
8  designated when produced or given by any non-party to this action, the Producing party or
9  Designating party shall notify all counsel in writing of the Confidential Information or Attorney
10 Eyes Only Information which said party reasonably and in good faith considers to be Confidential
11 Information or Attorney Eyes Only Information and, therefore is to be treated as such.  Subject to
12 the terms of Paragraph II(4), said written notification may be made at any time up to fifteen (15)
13 days after receipt of copies of the aforementioned Confidential Information or Attorney Eyes Only
14 Information provided by counsel for the party asserting the confidentiality privilege.  In the case of
15 deposition testimony, any designation of Confidential Information or Attorney Eyes Only
16 Information shall be made pursuant to Paragraph II(7).

**8.  Disclosure at Hearing or Trial**

Should the need arise for any of the Parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party may do so only after taking such steps as the Court shall deem necessary to preserve the confidentiality of such Confidential Information.

**9.  Limitations on Copying**

No copies, summaries, or abstracts of Confidential Information shall be made by a Party, or its attorneys, for distribution or use by any person other than those described in Paragraph II(4) hereof.

**10. Confidential Information Filed with the Court**

The Parties shall follow LR IA 10-5 of the Local Rules of Practice for the U.S. District

8

17717550.2/032605.0009

Court of Nevada and must file documents under seal under the Court's electronic filing procedures.

The Parties recognize the presumption of public access inherent in judicial records and that this Stipulated Protective Order does not conclusively establish that any document meets the standards for sealing set forth in LR IA 10-5 of the Local Rules of Practice of the U.S. District Court of Nevada and the Ninth Circuit's decisions in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016). When a motion to seal is related to documents directly relevant to the merits of the case, a "party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana*, 447 F.3d at 1178. But when motion to seal is related to documents not directly relevant to the merits of the case, a party may overcome this presumption by meeting a less exacting "good cause standard." *Chrysler Group*, 809 F.3d at 1097. To establish good cause, a party must show specific prejudice or harm—such as protecting a party from annoyance, embarrassment, oppression, or undue burden or expense—will result if the motion to seal is denied. *Id.* (quoting Fed. R. Civ. P. 26(c)). Further, the Court should make an independent determination regarding whether documents merits sealed status, and thus expressly reserves the right to do. *Kamakana,* 447 F.3d at 1186-87.

### 11. Public Information

Pursuant to the terms of Paragraph II(4) hereto, any information, material, tangible things, or testimony which have been designated as Confidential Information and were also legally and properly within the public domain prior to their designation as Confidential Information need not be treated as Confidential Information.  However, if such Confidential Information became available to the public as a result of any improper conduct or in violation of this Stipulated Protective Order, any contract, or court order, such Confidential Information must still be treated as such under this Stipulated Protective Order.

17717550.2/032605.0009

### 12. Requests for Confidential Information

If a Party is served with a subpoena or an order issued in other litigation that would compel disclosure of Confidential Information designated under the terms of this Stipulated Protective Order, the Party must so notify the Designating party, in writing (by e-mail or fax, if possible) within ten (10) court days after receiving the subpoena or order (and in any event, prior to the disclosure of such Confidential Information).

If a Party subject to state or federal public records disclosure laws receives a request for disclosure of public records which it reasonably believes may compel disclosure of Confidential Information designated under the terms of this Stipulated Protective Order, the Party must so notify the Designating party, in writing (by e-email or fax, if possible) within ten (10) court days after receiving such request (and in any event, prior to the disclosure of such Confidential Information).

### 13. Waiver

The production or disclosure of Confidential Information shall in no way constitute a waiver of each Party's right to object to the production or disclosure of other information in this action or in any other action. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

Pursuant to the terms of Paragraph II(4), at any time after any information, material, tangible things, or testimony is designated as Confidential Information under this stipulated Protective Order, the Designating Party agrees in writing that the Confidential Information may be disclosed to designated persons employed by the Receiving party.

### 14. No Prejudice / Amendment

This Stipulated Protective Order is entered into without prejudice to the right of either Party to seek relief from, or modification of, this Stipulated Protective Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law. This Stipulated Protective Order may be amended by the written agreement of counsel for the Parties.

17717550.2/032605.0009

### 15. Disposition or Termination of Action

This Stipulated Protective Order shall continue to be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control after the conclusion of this litigation except (a) that there shall be no restriction on documents and information that are used as exhibits in Court (unless such exhibits were filed under seal) or that become a matter of public record; and (b) that a Party may seek written permission of the Designating party or further order of the Court with respect to dissolution or modification of all or any part of this Stipulated Protective Order. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Confidential Information for enforcement of the provisions of this Stipulated Protective Order following termination of this litigation.

Further, after the final termination of this action and unless the Parties agree otherwise, each Party shall:

  a. Assemble and make available for return to the Designating party or destroy (and in all cases, not retain) all information, documents, materials, tangible things, summaries, computer records and abstracts containing Confidential Information;
  b. Make available for return or destroy (and in all cases, not retain) every portion of other information, documents, materials, tangible things, or memoranda purporting to reproduce or paraphrase Confidential Information;
  c. Upon request made in writing by the Designating Party, certify in writing that the procedures set forth above have been completed; and
  d. Agree not to disclose the substance of any Confidential Information revealed to it by the Designating party.

### 16. Binding Effect

This Order shall take effect when entered and shall be immediately binding upon the Parties (as defined herein). It shall also be binding upon subsequent parties that are added to this

11

17717550.2/032605.0009

matter, each of which shall execute **Exhibit A** (Agreement to be bound).

### 17. Documents Disclosed to NCSO

It being in the Parties' interests to avoid the potential compelled disclosure of Attorney Eyes Only Information pursuant to state or federal public records disclosure laws, the Parties agree that, subject to all other provisions of Paragraph II(4), information designated as Attorney Eyes Only Information shall not be disclosed in writing, or transmitted electronically, to any existing employee of NCSO. Nothing in this Stipulated Protective Order shall prohibit counsel for NCSO from showing Attorney Eyes Only Information to, or discussing Attorney Eyes Only Information with, NCSO witnesses in preparation for deposition or trial testimony, or during a deposition or at trial, provided that (1) the information is pertinent to that witness' testimony, and (2) the witness does not receive and is not permitted to retain any originals or any copies of such Attorney Eyes Only Information.

**IT IS SO STIPULATED.**

Dated this 10th day of February, 2021.            Dated this 10th day of February, 2021.

MARQUIS AURBACH COFFING            LAGOMARSINO LAW

By: /s/ James A. Beckstrom                          By: /s/ Andre M. Lagomarsino
    Craig R. Anderson, Esq.                              Andre M. Lagomarsino, Esq.
    Nevada Bar No. 6882                                  Nevada Bar No. 6711
    James A. Beckstrom, Esq.                            Cory M. Ford, Esq.
    Nevada Bar No. 14032                                 Nevada Bar No. 15042
    10001 Park Run Drive                                 3005 W. Horizon Ridge Pkwy., #241
    Las Vegas, Nevada 89145                              Henderson, NV 89052
    *Attorneys for Defendants Nye County*                *Attorneys for Plaintiff*
    *Sheriff's Office & David Boruchowitz*

Dated this 10th day of February, 2021.            Dated this 10th day of February, 2021.

GABROY LAW OFFICES                          FENNEMORE CRAIG, P.C.

By: /s/ Christian Gabroy                            By: /s/ Shannon S. Pierce
    Christian Gabroy, Esq.                               Shannon S. Pierce, Esq.
    Nevada Bar No.                                       Nevada Bar No. 12471

17717550.2/032605.0009

| | |
|---|---|
| Kaine Messer, Esq.<br>Nevada Bar No.<br>The District at Green Valley Ranch<br>170 South Green Valley Pkwy., Ste 280<br>Henderson, NV 89012<br>*Attorneys for Plaintiff* | Wade Beavers, Esq.<br>Nevada Bar No. 13451<br>7800 Rancharrah Pkwy.<br>Reno, NV 89511<br>*Attorneys for Valley Electric Association, Inc.* |

**ORDER**

IT IS SO ORDERED.

DATED this 11th day of February, 2021.

_____
U.S. MAGISTRATE JUDGE

17717550.2/032605.0009

13

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANGELA EVANS. an individual,<br><br>Plaintiff,<br><br>vs.<br><br>VALLEY ELECTRIC ASSOCIATION, INC.; DOES I through X; and ROE Corporations XI through XX, inclusive,<br><br>Defendant. | Case No.: 2:20-cv-00986-RFB-VCF |
| ANGELA EVANS,<br><br>Plaintiff,<br><br>vs.<br><br>NYE COUNTY SHERIFF'S OFFICE, a political subdivision of the State of Nevada; DAVID BORUCHOWITZ, individually,<br><br>Defendants. | Case No.: 2:20-cv-01919- RFB-VCF |

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I understand that I am about to receive Confidential Information supplied in connection with one or both of the above-captioned actions, the cases styled as *Angela Evans v. Valley Electric Association, Inc., et al.*, Case No., 2:20-cv-00986-RFB-VCF, United States District Court, District of Nevada, and / or *Angela Evans v. Nye County Sheriff's Office, et al.*,

17717550.2/032605.0009

1  Case No. 2:20-cv-01919-RFC-VCF, United States District Court, District of Nevada (together,
2  the "Actions").  I understand that the Confidential Information is provided to me subject to the
3  terms and restrictions contained in the Stipulated Protective Order filed in the Actions.
4      5.    I have received a copy of the Stipulated Protective Order entered in the above-
5  entitled action on the following date: _____.
6      6.    I have carefully read and understand the provisions of the Stipulated Protective
7  Order.
8      7.    I will comply with all of the provisions of the Stipulated Protective Order.
9      8.    I will hold in confidence, and will not disclose to anyone not designated under the
10 Stipulated Protective Order as permitted to view or receive Confidential Information, and will use
11 only for purposes of the Actions, any Confidential Information that is disclosed to me, including
12 any documents or things that I have prepared relating thereto, except as expressly permitted by
13 the Stipulated Protective Order.  I understand that I am to retain all copies of all Confidential
14 Information provided to me concerning the above-captioned action in a secure manner, and that
15 all copies of such Confidential Information are to remain in my personal custody until termination
16 of my participation in the above-captioned action.
17     9.    Upon termination of my participation in the Actions, I will return all Confidential
18 Information that comes into my possession to counsel from whom I received the Confidential
19 Information and any documents or things that I have prepared relating thereto to counsel for the
20 Party by whom I am employed or retained.
21     10.   I hereby submit to the jurisdiction of the court in the Actions as identified in the
22 Stipulated Protective Order for the purpose of enforcement of the Stipulated Protective Order.
23     Dated: _____.

_____
SIGNATURE

17717550.2/032605.0009