**LAGOMARSINO LAW**
ANDRE M. LAGOMARSINO, ESQ. (#6711)
CORY M. FORD, ESQ. (#15042)
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
aml@lagomarsinolaw.com
cory@lagomarsinolaw.com
*Attorneys for Plaintiff Angela Evans*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANGELA EVANS, individually;<br><br>Plaintiff,<br><br>v.<br><br>NYE COUNTY SHERIFF'S OFFICE, a political subdivision of the State of Nevada; DAVID BORUCHOWITZ, individually,<br><br>Defendants. | CASE NO.: 2:20-cv-01919-RFB-VCF<br><br>**STIPULATION AND ORDER TO FILE FIRST AMENDED COMPLAINT** |

IT IS HEREBY STIPULATED by and between the parties, and their attorneys of record, that for good cause shown, that Plaintiff can file her proposed First Amended Complaint substituting Nye County in the place and stead of the Nye County Sheriff's Office, a copy of which is attached hereto as Ex. 1.

**IT IS SO STIPULATED AND AGREED.**

DATED this 1st day of June, 2021.   DATED this 1st day of June, 2021.

**LAGOMARSINO LAW**   **MARQUIS AURBACH COFFING**

 /s/ Andre M. Lagomarsino    /s/ James R. Beckstrom
ANDRE M. LAGOMARSINO, ESQ. (#6711)   CRAIG R. ANDERSON, ESQ. (#6882)
CORY M. FORD, ESQ. (#15042)   JAMES A. BECKSTROM, ESQ. (#14032)
*Attorneys for Plaintiff Angela Evans*   *Attorneys for Defendants*
*Nye County Sheriff's Office*
*and David Boruchowitz*

**IT IS SO ORDERED.**

IT IS HEREBY ORDERED that Plaintiff must file the Amended Complaint on or before June 7, 2021.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: 6-1-2021

Page 1 of 1

# EXHIBIT 1 –
Plaintiff's First Amended Complaint

**LAGOMARSINO LAW**
ANDRE M. LAGOMARSINO, ESQ.
Nevada Bar No. 6711
CORY M. FORD, ESQ.
Nevada Bar No. 15042
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
aml@lagomarsinolaw.com
cory@lagomarsinolaw.com
*Attorneys for Plaintiff Angela Evans*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANGELA EVANS, individually<br><br>Plaintiff,<br><br>v.<br><br>NYE COUNTY ~~SHERIFF'S OFFICE~~, a political subdivision of the State of Nevada; DAVID BORUCHOWITZ, individually,<br><br>Defendants. | CASE NO:<br><br><br><br>**FIRST AMENDED** COMPLAINT<br>AND JURY DEMAND |

COMES NOW, Plaintiff ANGELA EVANS, individually, by and through her counsel ANDRE M. LAGOMARSINO, ESQ. and CORY M. FORD, ESQ., of LAGOMARSINO LAW, and hereby files the following **FIRST AMENDED** Complaint with this Honorable Court.

**JURISDICTION AND VENUE**

1. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §1983, the Fourth Amendment to the United States Constitution, and under the laws of the State of Nevada. Jurisdiction is based upon 28 U.S.C. §1331. This Court has supplemental jurisdiction over the Plaintiff's state law claims under 28 U.S.C. §1367.

2. Venue in this District is proper because all facts plead and all acts and omissions giving rise to this Complaint occurred in Clark County, Nevada in the District of Nevada.

## PARTIES TO THIS ACTION

3. At all times relevant herein, Plaintiff Angela Evans ("Plaintiff") was a resident of Nye County, Nevada, over 18 years of age, and subject to the unlawful actions of Defendants as described herein.

4. At all times relevant herein, Defendant NYE COUNTY ~~SHERIFF'S OFFICE~~ ("NC~~SO~~") was, and is, a political subdivision of the State of Nevada. The Nye County Sheriff's Office ("**NCSO**") is a law enforcement agency in Nye County, Nevada. ~~Defendant~~ NCSO is responsible for the training, hiring, control, and supervision of all its officers, which include lieutenants, as well as the implementation and maintenance of official and unofficial policies. NC~~SO~~ employed Defendant David Boruchowitz.

5. At all times relevant herein, Defendant DAVID BORUCHOWITZ (hereinafter "Boruchowitz") was employed as a lieutenant with **the** Nye County Sheriff's Office. Boruchowitz is a United States citizen and, upon information and belief, a resident of Nye County, Nevada. Boruchowitz is being sued in his individual capacity.

6. At all times relevant herein, all of the actions Defendant Boruchowitz were performed under color of state law and pursuant to his authority as a lieutenant and police officer.

## ALLEGATIONS COMMON TO ALL CLAIMS

7. Paragraphs 1 through 6 are hereby specifically included and incorporated as though fully set forth herein.

8. On October 1, 2018, Plaintiff was appointed Chief Executive Officer ("CEO") of Valley Electric Association, Inc. ("VEA").

9. Plaintiff was the first female, Hispanic CEO at VEA since it was founded in 1965.

10. In February 2019, VEA's offices were raided by NCSO on two (2) separate occasions after obtaining two (2) separate search warrants to investigate alleged embezzlement.

. . .

11. On or about February 21, 2019, Detective Jose Parra of the NCSO applied for a search warrant in the Pahrump Township Justice Court after allegedly being advised that the reason for a rate hike at VEA was because of an extensive financial cover up of sexual misconduct allegedly perpetrated by Thomas Husted, the prior CEO at VEA.

12. In the Application and Affidavit for Search Warrant filed with the Pahrump Township Justice Court on or about February 21, 2019, Affiant Detective Jose Parra alleged that he believed that there was probable cause that evidence existed for a violation of Nevada Revised Statute NRS 205.300, Embezzlement, and that the evidence was currently concealed within the VEA corporate offices.

13. Upon information and belief, the alleged existence of probable cause contained in the February 21, 2019, Application and Affidavit for Search Warrant was completely unfounded based on the allegations alleged.

14. Specifically, Affiant Detective Parra wrongfully alleged, among other things, that the NCSO interviewed former VEA employees who "revealed that [Plaintiff], the replacement CEO, additionally received substantial payment and was involved in the handling of payments and non-disclosure agreements to the other employees."

15. Additionally, it also wrongfully alleged in the search warrant that these employees revealed that Plaintiff "was also paramount in ensuring that the information of this misconduct was not leaked," and that it was believed that "in excess of one million dollars of Valley Electric Members monies that were used to ensure this misconduct was not revealed to anyone."

16. Based on the incomplete and inaccurate set of facts, Justice of the Peace Lisa Chamlee found probable cause to issue the search warrant.

17. On or about February 22, 2019, the search warrant was then executed by the NCSO. During the execution of this search warrant, VEA employees, which included Plaintiff, were denied access to counsel, outside communication and were detained in the boardroom of VEA for more

than five (5) hours. Plaintiff, as CEO, was denied requests to speak with VEA general counsel. Deputies even required detained VEA employees to ask permission before using the restroom. Additionally, Plaintiff and other VEA employees could hear a deputy checking his Taser in a hallway before voicing to them that he was in fact checking his Taser.

18. Then on February 26, 2019, just four (4) days after the execution of the February 21, 2019 search warrant, NCSO applied for another search warrant in the Pahrump Township Justice Court this time through Boruchowitz.

19. According to Boruchowitz, the basis for the February 26, 2019 Application and Affidavit for Search Warrant was based on the following information:

- That during the February 22, 2019 investigation an alleged "street source" came to him and advised that Plaintiff had VEA do approximately $89,000 worth of work at her house to move power lines underground and billed them to VEA;

- That the "street source" also advised the names of VEA employees who knew the work was being done and that the work was done in April 2018;

- The NCSO interviewed a VEA employee named by the "street source" who confirmed that the VEA work in question "was done at Angela Evan's residence" and "that traditionally the customer pays for this, but he is not involved in the financial side of things, and simply could confirm the work was done";

- A second "street source" provided a printout regarding two (2) work orders, which showed that they appear to be invoiced as System Improvements. The "street source" stated that the work orders in question were performed in March and April 2018.

- The Nye County Assessor's Office website provided "that Angela Evans owns a piece of property at 3181 E. Winery Road"; and

- The NCSO reviewed historic Google Maps images, a Nye County "pictometery map" and photos taken at the property on February 26, 2019, and concluded that "this property is the only residence on that block that does not have power lines across the back easement of the property" and "[i]t appears that the work conducted by VEA would have been to bury these lines underground as originally reported by the street source.

. . .

. . .

20. Affiant Boruchowitz wrongfully alleged in his application that "[Plaintiff] used her position as CEO to have work conducted by VEA for personal gain at her residence at the cost of the Cooperative membership." Boruchowitz also alleged documents at VEA would show "the misuse of Valley Electric monies for personal gains."

21. Affiant Boruchowitz also alleged that again there was probable cause that evidence existed for a violation of Nevada Revised Statute NRS 205.300, Embezzlement, and that the evidence was currently concealed within the VEA corporate offices.

22. These allegations were all unfounded, false and/or inaccurate as there was no actual or valid evidence to suggest that Mrs. Evans personally committed any acts to misuse or divert VEA property or money away from its intended purpose, or that she knew that the modifications being completed by VEA were in any way improper and not approved in the normal course of VEA policies and procedures.

23. Upon further information and belief, the alleged existence of probable cause contained in the February 26, 2019 Application and Affidavit for Search Warrant was also unfounded and false.

24. However, based on an incomplete and inaccurate set of facts as alleged by Boruchowitz, Justice of the Peace Lisa Chamlee again found probable cause to issue another search warrant at VEA.

25. On or about February 26, 2019, the same day that the search warrant was granted and issued, NCSO executed the search warrant at VEA.

26. During the execution, the NCSO, without probable cause or other justification arrested Plaintiff for embezzlement, and transported her to the Nye County Detention Center.

27. Later that day, Plaintiff was allowed to pay bail and leave the Nye County Detention Center. Plaintiff was not provided with any charging document or an indictment, but was given a notice to appear in Justice Court on April 29, 2019.

28. Additionally, at or around at 9:20 p.m. on February 26, 2019, the Sheriff's Office reported the arrest on Facebook with a two (2) minute video showing Plaintiff being arrested and summarizing the unfounded allegations made in the February 26, 2019 Application and Affidavit for Search Warrant. The Facebook video even changed some of information that was alleged by Affiant Boruchowitz in the application by changing the amount of value of work done to Plaintiff's residence from $89,000 to $74,000.

29. After her unlawful arrest, VEA placed Plaintiff on administrative leave to investigate and determine whether Plaintiff violated VEA policies, bylaws, the terms and conditions of their employment with VEA or any state laws relating to VEA's modification of its facilities at 3181 E. Winery Road (APN # 042-762-06) (Plaintiff's Property) in Pahrump, Nevada.

30. Plaintiff was unfortunately never allowed to return her position as CEO.

31. Prior to her termination, David Hall, a VEA President of the Board, encouraged her to resign to "save her career" despite any findings of wrongdoing by VEA in its investigation of Plaintiff.

32. On or about June 17, 2019, Plaintiff complained to VEA of Discrimination based on her age, race, and sex. Plaintiff, pursuant to policy and good faith, reported such unlawful and inappropriate actions. Plaintiff further desired to continue working as CEO.

33. Within eleven (11) days of receiving Plaintiff's complaint, VEA terminated her.

34. After almost six (6) additional months following Plaintiff's termination, which was a week before Christmas in 2019, the NCSO cleared Plaintiff and stated that they would not prosecute, and no charges would be brought against Plaintiff.

35. The affidavit by Boruchowitz for the February 26, 2019 Application and Affidavit for Search Warrant contained allegations that were inaccurate, incomplete and unfounded as to the existence of probable cause.

36. Defendant Boruchowitz was aware that allegations contained in his February 26, 2019 Application and Affidavit for Search Warrant were unfounded, inaccurate, incomplete and that no there was no actual existence of probable cause before submitting the application to Justice of the Peace Lisa Chamlee.

37. Further, these allegations were deliberately false and/or in reckless disregard for the truth, which allowed and caused the unlawful search at VEA and arrest of Plaintiff to occur.

38. Defendant Boruchowitz also acted with intent to deprive Plaintiff of her Constitutional rights, in reckless, disregard of her rights. His conduct was committed in bad faith and acquiesced to by NCSO.

39. NCSO allowed Boruchowitz to falsely and/or recklessly apply for a search warrant without actual probable cause, which allowed him to be granted and execute the February 26, 2019 search warrant procuring the unlawful arrest Plaintiff without probable cause or other justification.

40. As a result of Defendants' unconstitutional conduct, Plaintiff was unlawfully and falsely arrested without probable for a crime she did not commit. Plaintiff's arrest and the wrongful allegations that lead to her arrest were then publicly disseminated by Defendants to the public. Plaintiff's job as CEO was also terminated.

41. As a further result of Defendants' unconstitutional conduct, Plaintiff has also been forced to move out of her home.

42. Thus, Plaintiff was forced to suffer indescribable mental anguish and emotional pain due to deprivation of her constitutional rights. She also has since been deprived of income and has suffered severe economic harm.

43. Defendants violated the rights of Plaintiff by falsely arresting her without probable cause or justification and by intentionally misleading and deceiving the court into granting the search warrant which caused and allowed the unlawful arrest of Plaintiff to occur.

. . .

## **FIRST CLAIM FOR RELIEF**

*(Unreasonable Seizure – False Arrest Violation of 4th Amendment 42 U.S.C § 1983)*

*(Plaintiff Against All Defendants)*

44. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 43 as if fully set forth herein.

45. 42 U.S.C § 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress.

46. At all times relevant herein, there has been a policy, practice, and custom at NCSO to allow its officers to falsely and/or recklessly apply for search warrants without actual probable cause which empowers its officers to execute search warrants that procure unlawful arrest and unreasonable seizures of individuals without probable cause or other justification. Moreover, NCSO has a policy, practice and custom not to discipline its officers for wrongful arrest. As a result, NCSO officers feel empowered to apply for search warrants to procure the unlawful detention and false arrests individuals without probable cause or other justification. Moreover, NCSO is independently liable under 42 U.S.C. §1983 because the NCSO has fostered the practice to arrest individuals without probable cause, which caused the violations to occur in this case. These polices, practices and customs were the moving force behind the violation of Plaintiff's rights.

47. By the actions and omissions described herein, NCSO deprived Plaintiff of her clearly established rights, including but not limited to, to be secure in her person and effects, and to be free from unreasonable search and seizure under the Fourth Amendment to the United States Constitution.

. . .

48. The aforementioned policies, practices and customs were the moving force and/or proximate cause of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 U.S.C. §1983, as more fully set forth herein.

49. Defendant NCSO ordered, acquiesced in, tolerated and permitted Defendant Boruchowitz to engage in the unlawful and unconstitutional violations described herein.

50. Plaintiff was unlawfully arrested and seized. Defendant Boruchowitz had neither valid evidence for the search warrant or arrest of Plaintiff, nor legal cause, probable cause or excuse to seize and detain Plaintiff.

51. Defendant Boruchowitz, acted under color of state law in detaining Plaintiff without a fair and reliable determination of probable cause, without lawful justification, subjecting the Plaintiff to false arrest, therefore depriving Plaintiff of certain constitutionally protected rights, including but not limited to:

   a. The right to be free from unreasonable seizures and unlawful arrests by law enforcement officers as guaranteed by the Fourth Amendments to the United States Constitution.

   b. The right to be secure in his person and effects as guaranteed by the Fourth Amendment to the United States Constitution.

52. That as the proximate result of the Defendants' wrongful and unlawful conduct as alleged herein, Plaintiff suffered a violation of her rights, lost earnings, mental anguish, emotional harm, and pain and suffering.

53. Defendant Boruchowitz, as a duly appointed, qualified and acting officer of NCSO, acting within the course and scope of such employment, knowingly, and with conscious and reckless disregard, violated the rights conferred upon Plaintiff by the Fourth Amendment by subjecting Plaintiff to NCSO's unconstitutional policies, practices, and customs described herein.

54. At all times relevant herein, Defendant Boruchowitz was performing his duties as officer for NCSO.

55. During the relevant period, Defendant Boruchowitz was acting under color of law, to wit: under color of statutes, ordinances, regulations, customs and usages of the State of Nevada. As a result of his misconduct, Defendant Boruchowitz is all liable to the Plaintiff for the injuries and damages because he was an integral participant in the unreasonable seizure and unlawful arrest of Plaintiff.

56. That the wrongful and unlawful acts perpetrated by the Defendants and each of them, were performed with a disregard of the well-established and constitutionally protected rights of Plaintiff as described herein.

57. Plaintiff had firmly established rights under the Fourth Amendment to be free from unlawful arrests and unreasonable seizures.

58. Plaintiff was subjected to humiliation, fear, mental injury, and pain and suffering by the illegal acts of Defendants and are entitled to compensatory damages.

59. As a result of Defendants' actions, it has been necessary for Plaintiff to retain an attorney to prosecute this action. Defendants should be required to pay reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

*(Unreasonable Search- Judicial Deception Violation of 4th Amendment 42 U.S.C § 1983)*

*(Plaintiff Against All Defendants)*

60. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 59 as if fully set forth herein.

61. At all times relevant herein, there has been a policy, practice, and custom at the NCSO to allow its officers to submit to judges warrant affidavits that contain misrepresentations and omissions to the finding of probable cause. As a result, the NCSO officers feel empowered to apply for search warrants with material misrepresentations and omissions to the finding of probable cause that procure unlawful arrests. Moreover, the NCSO is independently liable under 42 U.S.C. §1983

because NCSO has fostered the practice to allow its officers to submit to judges warrant affidavits that contain misrepresentations and omissions to the finding of probable cause, which caused the violations to occur in this case.

62. By the actions and omissions described herein, NCSO deprived Plaintiff of her clearly established rights, including but not limited to, to be free from unreasonable searches under the Fourth Amendment to the United States Constitution.

63. The aforementioned policies, practices and customs were a moving force and/or proximate cause of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 U.S.C. §1983, as set forth more fully herein.

64. ~~Defendant~~ NCSO ordered, acquiesced in, tolerated and permitted Defendant Boruchowitz to engage in the unlawful and unconstitutional violations described herein.

65. Plaintiff was unlawfully searched. Defendant Boruchowitz submitted to Justice of Peace Lisa Chamlee a warrant affidavit on February 26, 2019 that contained one and/or more misrepresentations or omissions material to the finding of probable cause.

66. Defendant Boruchowitz made those misrepresentations and/or omissions either intentionally or with reckless disregard for the truth, which was highly unreasonable conduct that was an extreme departure from ordinary care, presenting a danger of misleading a reasonable judge into concluding that probable cause has been established as that danger was either known to Defendant Boruchowitz and/or was so obvious that Defendant Boruchowitz must have been aware of it.

67. Justice of the Peace Lisa Chamlee would not have issued the warrant if the false information had been excluded and/or if the omitted or missing information had been included.

68. Defendant Boruchowitz, acted under color of state law in submitting the warrant to Justice of the Peace Lisa Chamlee, which contained one or more misrepresentations and/or omissions material to finding of probable cause which were made intentionally and/or with reckless

disregard for the truth, subjecting the Plaintiff to an unreasonable search, therefore depriving Plaintiff of certain constitutionally protected rights, including but not limited to, to be secure in her person and effects, and to be free from unreasonable seizure under the Fourth Amendment to the United States Constitution.

69. That as the proximate result of the Defendants' wrongful and unlawful conduct as alleged herein, Plaintiff suffered mental anguish, emotional harm, and pain and suffering.

70. Defendant Boruchowitz, as a duly appointed, qualified and acting officer of the NCSO, acting within the course and scope of such employment with the NCSO knowingly, maliciously, and with conscious and reckless disregard, violated the rights conferred upon Plaintiff by the Fourth Amendment by subjecting Plaintiff to NCSO's unconstitutional policies, practices, and customs described herein.

71. At all times relevant herein, Defendant Boruchowitz was performing his duties as officer for the NSCO.

72. During the relevant period, the Defendant Boruchowitz was acting under color of law, to wit: under color of statutes, ordinances, regulations, customs and usages of the State of Nevada. As a result of his misconduct, Defendant Boruchowitz is all liable to the Plaintiff for the injuries and damages because he was an integral participant in the judicial deception that caused the unreasonable search of Plaintiff.

73. That the wrongful and unlawful acts perpetrated by the Defendants and each of them, were performed with a disregard of the well-established and constitutionally protected rights of Plaintiff.

74. Plaintiff had firmly established rights under the Fourth Amendment to be free from unreasonable searches.

75. Plaintiff was subjected to humiliation, fear, mental injury, and pain and suffering by the illegal acts of Defendants and is entitled to compensatory damages.

76. As a result of Defendants' actions, it has been necessary for Plaintiff to retain an attorney to prosecute this action.

### **THIRD CLAIM FOR RELIEF**

*(False Arrest)*

*Plaintiff Against All Defendants*

77. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 76 as if fully set forth herein.

78. On February 26, 2019, NCSO, by and through Defendant Boruchowitz, intentionally and forcefully took Plaintiff into custody.

79. Defendants lacked any probable cause to Plaintiff.

80. The custody was against the Plaintiff's will.

81. A reasonable person in Plaintiff's position would not have felt free to leave.

82. Additionally, Defendants' acts as described herein directly or indirectly resulted in Plaintiff being confined.

83. As a result of Defendants' intentional acts as described herein, Plaintiff was conscious of the confinement and was harmed by the confinement.

84. NC~~SO~~ is vicariously liable for the actions of Defendant Boruchowitz as described herein under a theory of *respondeat superior*.

85. As direct and proximate result of Defendants false arrest of Plaintiff, Plaintiff has suffered damages for injury to feelings, humiliation, indignity and disgrace to the person, physical suffering, mental suffering, and injury to health. As a result, Plaintiff is entitled to compensation in excess of $15,000.00 for being falsely arrested.

. . .

. . .

. . .

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendants as follows:

1. For judgment in favor of Plaintiff on all counts;
2. For compensatory damages to be proven at trial;
3. For compensatory and special damages in excess of $15,000.00;
4. For pre- and post-judgment interest at the maximum legal rate;
5. For costs and attorney fees incurred in prosecuting this action in accordance with 42 U.S.C. § 1988; and
6. For such further relief as the Court may deem just, proper, and appropriate.

DATED this \_\_\_\_ day of **June**, 202**1**.

RESPECTFULLY SUBMITTED,

**LAGOMARSINO LAW**

_____
ANDRE M. LAGOMARSINO, ESQ. (#6711)
CORY M. FORD, ESQ. (#15042)
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
*Attorneys for Plaintiff Angela Evans*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1, Plaintiff demands a trial by jury on all issues in this action.

DATED this ___ day of **June**, 202**1**.

RESPECTFULLY SUBMITTED,

**LAGOMARSINO LAW**

_____
ANDRE M. LAGOMARSINO, ESQ. (#6711)
CORY M. FORD, ESQ. (#15042)
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
*Attorneys for Plaintiff Angela Evans*

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that on this **_____** day of **June**, 202**1**, I served a true copy of the foregoing **PLAINTIFF'S FIRST AMENDED COMPLAINT** on all parties to this action by electronic service, via CM/ECF, to the following:

Case No.: 2:20-cv-01919-RFB-VCF

Craig R. Anderson, Esq.
James Allan Beckstrom, II, Esq.
MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, NV 89145
*Attorneys for Defendant Nye County*
*& David Boruchowitz*

Case No. 2:20-cv-00986-RFB-VCF

| | |
|---|---|
| Christian Gabroy, Esq.<br>Kaine Messer, Esq.<br>GABROY LAW OFFICES<br>170 S. Green Valley Pkwy., #280<br>Henderson, NV 89012<br>*Attorneys for Plaintiff Angela Evans* | Shannon S. Pierce, Esq.<br>Wade Beavers, Esq.<br>FENNEMORE CRAIG, PC<br>7800 Rancharrah Pkwy.<br>Reno, NV 89511<br>*Attorneys for Defendant*<br>*Valley Electric Association, Inc.* |

Brian P. Sanford, Esq.
THE SANFORD FIRM
1910 Pacific Ave., #15400
Dallas, TX 75201
*Attorneys for Plaintiff Angela Evans*

_____
An Employee of Lagomarsino Law